UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON MOCKBEE,            )
                            )
        Petitioner,          )
                            )   CAUSE NO. 3:18-CV-041 JD
    vs.                     )
                            )
WARDEN,                     )
                            )
        Respondent.          )

OPINION AND ORDER

Brandon Mockbee, a *pro se* prisoner, filed a habeas corpus petition purporting to challenge a disciplinary proceeding held at the Miami Correctional Facility on November 14, 2017. ECF 1. However, he is not actually challenging any disciplinary proceeding or alleging that any earned credit time was taken away from him. Rather, he explains that he is bringing this habeas corpus case because he was wrongfully removed from his job at Miami and, as a consequence, he is not eligible to earn future good time credits. *Id.* at 2-5. This argument is not a basis for finding that he is entitled to habeas corpus relief.

> In order to bring an action under § 2254, a prisoner must be "in custody" pursuant to the conviction or sentence being challenged. Although § 2254 is the appropriate vehicle when prison officials have revoked good-time credits once earned, or lowered a previously established credit-earning classification, Hadley is not complaining that any benefit already conferred has been taken away.

*Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (citations omitted).

1

When a prisoner argues that his ability to earn future good time credits has been harmed by prison officials, that claim "is not cognizable under § 2254, and should instead [be] raised if at all under 42 U.S.C. § 1983." *Id.* Such is the case here. Because Mockbee has expressed a desire to challenge events which can only be challenged in a prisoner civil rights case (if at all), the court will direct the clerk to send him the paperwork to file such a case if he chooses to do so. However, he should not infer that the court has expressed any opinion as to the merits of such a claim nor the wisdom of filing such a case. Furthermore, he is cautioned that if he files a prisoner civil rights case, he will have to pay the filing fee either in advance or over time – and that if the case is found to be meritless, he may incur a "strike" pursuant to 28 U.S.C. § 1915(g).

For these reasons, the court DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4 and DIRECTS the clerk to send Brandon Mockbee a blank Prisoner Complaint form. The clerk is FURTHER DIRECTED to close this case.

SO ORDERED on April 6, 2018.

/s/ JON E. DEGUILIO
Judge
United States District Court